STATE *v.* ANDREWS.

Opinion delivered February 11, 1929.

*Hal L. Norwood,* Attorney General, and *Boyd Cypert,* for appellant.

HUMPHREYS, J. The declared purpose of this appeal is to obtain a construction of §§ 10313-14 of Crawford & Moses' Digest, being a part of the "Trade Union Label Act," under which appellee was charged with counterfeiting and imitating the Little Rock Printing Trades Council Union label.

Appellant contends that the trial court misinterpreted the sections of the statute in question. For aught that appears in the record, the trial court may have interpreted the statutes just as appellant contends they should be interpreted. Upon a trial of the cause the trial court found appellant was not guilty as charged, and acquitted him. The testimony was conflicting as to whether the

label used by appellee was a counterfeit or imitation of the Little Rock Printing Trades Council label, therefore the court may have found, under his construction of the evidence, that appellee was innocent, even though the law meant just what appellant contends it means.

According to the record, no interpretation of the statutes was requested and no declaration as to their meaning was announced by the court. In other words, the court made no declaration of law at all which is incorporated in the record. He sat as a jury in the case, and rendered a general verdict of not guilty. This court cannot presume that he rendered a general verdict under a misinterpretation of the statutes. Since the court might have acquitted appellee on a finding in his favor on the disputed questions of fact, and could have done so under a correct construction of the statutes, it would be an act of supererogation for this court to construe statutes which the trial court did not erroneously construe. As we read the record, the question presented for determination is moot.

No error appearing, the judgment is affirmed.